**Kenneth Davis SKILES, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee.

Nov. 18, 1974.

Phillip C. Lawrence, Chattanooga, for appellant.

Michael E. Terry, Asst. Atty. Gen., R. A. Ashley, Jr., Atty. Gen., of counsel, John W. Goza, Asst. Dist. Atty., Chattanooga, for appellee.

OPINION

HARBISON, Justice.

In this case appellant, Kenneth Davis Skiles, filed a petition in the Criminal Court of Hamilton County, Tennessee purporting to seek relief in general terms under the provisions of Chapter 318 of the Public Acts of 1973, now codified as T.C. A. § 40–4001 et seq. These statutory provisions generally provide for the destruction of public records of a person who has been charged with a criminal offense, where the charge has been dismissed or a grand jury has refused to indict. The statutes also provide for destruction of records where there has been an acquittal by a jury or a reversal and dismissal upon appeal.

Appellant filed an initial petition and amended it on several occasions. In all of his petitions, however, he specifically referred to a single case, bearing Docket No. 104694, and a particular file of the Federal Bureau of Investigation in connection therewith. It appears from the petitions themselves, however, and from the order entered in cause No. 104694 that the

appellant was not acquitted in connection with that case. He was charged with the offense of receiving and concealing stolen property and, apparently, after plea bargaining, was permitted to change his plea from that of not guilty to that of guilty. He received a jail sentence instead of a penitentiary sentence. The thrust of all of the petitions is that the records in that particular cause should be corrected to show that the petitioner was convicted only of a misdemeanor, rather than a felony.

The Clerk of the Criminal Court in Hamilton County wrote a letter to the appellant explaining the court procedures and explaining that the Court, pursuant to the authority of T.C.A. § 40–2703, had reduced the punishment in the case to a workhouse sentence, but that the conviction was still considered to be a felony.

There is no showing by the appellant in any of his petitions that there are any other records on file in the Criminal Court of Hamilton County which would be subject to the terms and provisions of the statute in question, Chapter 318 of the Public Acts of 1973. The statute does not apply to and was never intended to cover situations in which an accused pled guilty to charges against him and received a reduced sentence. It has application only to cases in which there has been a dismissal of charges against an accused at some preliminary stage of the proceedings, or else an acquittal by a jury or a reversal and dismissal upon appeal.

The petitions in this case, therefore, wholly fail to bring the case within the purview of Chapter 318 of the Public Acts of 1973.

Without referring the matter to the Attorney General or requiring any responsive action on the part of anyone, the trial judge in the present case entered an order on April 19, 1974 holding that the statutes in question are unconstitutional.

■ Regardless of the merits of the constitutional attacks which might be lev-

eled against the statutes, we find that the action of the trial judge in the present case was erroneous. The constitutional question was not properly presented, because the petition failed to show the applicability of the statutes. At a maximum, the petitions sought some correction in the records on file, but there is no showing whatever that the appellant, under any view of the circumstances, would be entitled to have the records of Case No. 104694 destroyed.

It is therefore not necessary for us to reach the constitutional question on this appeal. We reverse the action of the trial court in holding the statutes in question unconstitutional. We affirm his action in dismissing the petitions filed by appellant, however, because the petitions wholly fail to raise a justiciable issue within the purview of the statutes in question.

As thus modified, the judgment of the trial court is affirmed. The costs of the appeal are taxed to the appellant.

FONES, C. J., and HENRY, COOPER and BROCK, JJ., concur.